IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02757-GPG

KARL HEINZ SINGLETON,

    Plaintiff,

v.

RICK RAEMISH, Director Colorado Department of Corrections,

    Defendant.

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

    Plaintiff, Karl Heinz Singleton, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Singleton initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) that was not on the proper form and did not include any claims for relief. On February 5, 2016, Mr. Singleton filed on the proper form an amended Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983. He seeks damages as relief.

    The court must construe the amended Prisoner Complaint liberally because Mr. Singleton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Singleton will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

    Mr. Singleton asserts two claims for relief that relate to a prison sentence he served in the custody of the Colorado Department of Corrections ("DOC"). He first

claims his federal constitutional rights were violated because the DOC miscalculated his sentence and improperly withheld presentence confinement credits, which led to his being incarcerated for an extra month.  As relief for this claim Mr. Singleton seeks damages in the amount of $100.00 per day for each extra day he was incarcerated.  Mr. Singleton contends in his second claim that the DOC withheld the $100.00 in gate money that all inmates receive when they discharge their sentences and are released from prison.  The Court construes the second claim as a constitutional due process claim.  As relief for his second claim Mr. Singleton seeks $10,000.00 in punitive damages based on the hardship he endured living on the streets of Denver.

The Prisoner Complaint is deficient because Mr. Singleton fails to allege specific facts in support of his claims that demonstrate he is entitled to relief.  With respect to his first claim that challenges the computation of his prison sentence, that claim implicates the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Singleton's first claim seeks an award of damages for every day he was incarcerated beyond his authorized sentence. Thus, it is clear that his first claim implicates the rule in *Heck*. *See Kailey v. Ritter*, 500 F. App'x 766, 768-69 (10th Cir. 2012) (§ 1983 complaint by prisoner challenging failure to award meritorious sentence reduction credits allegedly required under state law "necessarily impl[ies] the invalidity of his sentence" and "must be dismissed unless Mr. Kailey can show that the sentence has already been invalidated"). However, Mr. Singleton does not allege that he has invalidated the DOC's failure to award presentence confinement credits and compute his sentence correctly. Therefore, it appears that the first claim for relief in the amended Prisoner Complaint is barred by the rule in *Heck*.

Mr. Singleton's due process claim challenging the withholding of gate money when he was released from prison also is deficient. To the extent Mr. Singleton may be suing Defendant in his official capacity for damages based on the alleged withholding of gate money, he fails to allege facts that would support an arguable claim for relief. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. Department of Social Services*, 436 U.S. 658, 690 n.55 (1978). Therefore, to the extent Mr. Singleton is asserting his due process claim against Defendant in his official capacity, the claim must be construed as a claim against the State of Colorado. However, a claim for damages against the State of Colorado is barred by the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994) ("Neither states nor state officers sued in their official capacities are 'persons'

subject to suit under section 1983.").

To the extent Mr. Singleton is suing Defendant in his personal capacity, he fails to allege specific facts that demonstrate Defendant personally participated in the asserted constitutional violation. "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997). Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011). A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

Mr. Singleton is advised that, in order to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In order to state an arguable due process claim Mr. Singleton must allege facts that demonstrate he was deprived of a constitutionally protected property interest. *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994). Property interests do not arise directly from the Constitution but instead "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Therefore, Mr. Singleton must allege facts that demonstrate he has a legitimate claim of entitlement to the gate money allegedly withheld. Accordingly, it is

ORDERED that Mr. Singleton file, **within thirty (30) days from the date of this order**, a second amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Singleton shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Singleton fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED February 11, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge