IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02757-GPG

KARL HEINZ SINGLETON,

    Plaintiff,

v.

MARY COMPTON, CDOC Time Computation,
JOHN/JANE DOE, CDOC Accounting and Dispersal,
JOHN/JANE DOE, CDOC Administration,
FRANK MILLER, CDOC Community Re-Entry Specialist, and
JOHN/JANE DOE, CDOC Grievance Coordinator,

    Defendants.

---

ORDER OF DISMISSAL

---

    Plaintiff, Karl Heinz Singleton, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Singleton initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) that was not on the proper form and that did not include any claims for relief. On February 5, 2016, Mr. Singleton filed on the proper form an amended Prisoner Complaint (ECF No. 5) asserting constitutional claims pursuant to 42 U.S.C. § 1983. On February 11, 2016, Magistrate Judge Gordon P. Gallagher ordered Mr. Singleton to file a second amended complaint because the amended Prisoner Complaint was deficient. On March 14, 2016, Mr. Singleton filed a second amended Prisoner Complaint (ECF No. 8).

    Mr. Singleton has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Therefore, the Court must dismiss the action if Mr. Singleton's claims are frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A legally frivolous claim is one in which the

plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). For the reasons stated below, the Court will dismiss the action in part as legally frivolous and in part as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).

The Court must construe the second amended Prisoner Complaint liberally because Mr. Singleton is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the second amended Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Singleton asserts two claims for relief that relate to a prison sentence he served in the custody of the Colorado Department of Corrections ("DOC"). He first claims his federal constitutional rights were violated because Defendant Mary Compton miscalculated his sentence by improperly withholding presentence confinement credits ordered by the sentencing court, which led to his being incarcerated for an extra month. As relief for this claim Mr. Singleton seeks damages in the amount of $100.00 per day for each extra day he was incarcerated. Mr. Singleton contends in his second claim that prison officials in June 2014 withheld the $100.00 gate money that inmates receive when they are released from prison. He also contends in his second claim that Defendant Frank Miller, who Mr. Singleton describes as a DOC Community Re-Entry Specialist,

wrongfully informed Mr. Singleton that he was not eligible to receive gate money, would not give him a hotel voucher because he had turned down a bed at a halfway house, and told him he would have to go to a homeless shelter.   As relief for his second claim Mr. Singleton seeks $2,000.00 in damages based on the extra hardship he endured living on the streets of Denver.

Mr. Singleton does not assert any claims for relief against the John/Jane Doe Defendants listed in the caption of the second amended Prisoner Complaint.   Therefore, those Defendants will be dismissed as parties to this action.

Mr. Singleton's first claim for relief challenging the computation of his prison sentence must be dismissed because the claim is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).   Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.   See *Heck*, 512 U.S. at 486-87.   In short, a civil rights action filed by a state prisoner "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."   *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Mr. Singleton's first claim seeks an award of damages for every day he was incarcerated beyond his authorized sentence.   Thus, it is clear that his first claim

implicates the rule in *Heck*.   *See Kailey v. Ritter*, 500 F. App'x 766, 768-69 (10th Cir. 2012) (§ 1983 complaint by prisoner challenging failure to award meritorious sentence reduction credits allegedly required under state law "necessarily impl[ies] the invalidity of his sentence" and "must be dismissed unless Mr. Kailey can show that the sentence has already been invalidated").

Magistrate Judge Gallagher advised Mr. Singleton in the order directing him to file a second amended complaint that a claim for damages challenging the computation of his sentence is barred by the rule in *Heck* unless he has invalidated the computation of his sentence.   Despite this advisement, Mr. Singleton fails to assert facts that demonstrate he has invalidated the alleged failure to award presentence confinement credits and erroneous computation of his sentence.   Therefore, the first claim for relief in the Prisoner Complaint is barred by the rule in *Heck* and must be dismissed.   The dismissal will be without prejudice.   *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

The Court next will address Mr. Singleton's claim against Defendant Miller.   To reiterate, Mr. Singleton alleges in support of claim two that Defendant Miller wrongfully informed him he was not entitled to gate money and refused his request for a hotel voucher.   Although Mr. Singleton asserts his second claim as a violation of both the Eighth and Fourteenth Amendments, the protections afforded by the Eighth Amendment are not available outside the context of incarceration.   *See Benedict v. Southwestern Penn. Human Servs., Inc.*, 98 F. Supp.3d 809, 818-19 (W.D. Penn. 2015).   Furthermore, even if Mr. Singleton could assert an Eighth Amendment claim premised on his living

conditions after release from incarceration, he fails to allege facts that demonstrate Defendant Miller was deliberately indifferent to a substantial risk of serious harm.  See *Farmer v. Brennan*, 511 U.S. 825 (1994).   Therefore, the Eighth Amendment component of claim two is legally frivolous and must be dismissed.

In order to state an arguable due process claim under the Fourteenth Amendment Mr. Singleton must allege facts that demonstrate he was deprived of a constitutionally protected property interest.   See *Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).   Property interests do not arise directly from the Constitution but instead "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits."   *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972).   Therefore, the due process claim lacks merit unless Mr. Singleton had a legitimate claim of entitlement to the gate money and hotel voucher allegedly withheld by Defendant Miller.

Mr. Singleton fails to allege facts that demonstrate he had a legitimate claim of entitlement to a hotel voucher.   Therefore, the due process component of claim two is legally frivolous to the extent the claim is premised on a denial of a hotel voucher.   With respect to the alleged denial of gate money, it is not clear whether Mr. Singleton has a legitimate claim of entitlement.   The applicable DOC regulation lists a number of categories of inmates who are not eligible for gate money.   See DOC AR 200-01. However, it is not clear whether any of the exceptions are applicable.   Therefore, the Court will assume Mr. Singleton had a legitimate claim of entitlement to gate money upon

his release in June 2014.

Even assuming Mr. Singleton had a legitimate claim of entitlement to gate money when he was released in June 2014, he fails to allege facts that demonstrate Defendant Miller personally participated in the alleged denial of gate money.  Magistrate Judge Gallagher specifically advised Mr. Singleton that "[i]ndividual liability under § 1983 must be based on personal involvement in the alleged constitutional violation," *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997), and that allegations of "personal participation in the specific constitutional violation complained of [are] essential," *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).   However, according to Mr. Singleton, inmates who are discharged from prison receive a debit card with $100.00 on it "[p]rior to leaving the facility."  (ECF No. 8 at 6.)   Mr. Singleton does not allege that Defendant Miller was responsible for the failure to give Mr. Singleton gate money "[p]rior to leaving the facility."   Instead, he alleges only that, after he was released, he complained to Defendant Miller about not receiving the gate money.   Because Mr. Singleton does not allege facts that demonstrate Defendant Miller personally participated in the alleged denial of gate money, the due process claim against Defendant Miller also is legally frivolous and must be dismissed.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth

Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Prisoner Complaint, the amended Prisoner Complaint, the second amended Prisoner Complaint, and the action are dismissed for the reasons stated in this order.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   17th   day of    March        , 2016.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court